UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAUL CARDONA, | : |
| Petitioner, | : Civ. No. 16-6846 (KM) |
| v. | : |
| CHARLES GREEN, | : OPINION |
| Respondent. | : |

**MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Raul Cardona, is an immigration detainee currently lodged at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be denied without prejudice.

## II. BACKGROUND

Mr. Cardona is a native and citizen of Guatemala. He entered the United States in 1996. On April 5, 2016, he was placed into immigration detention after a notice to appear was issued stating that Mr. Cardona was not admitted or paroled after inspection by an immigration officer. Subsequently, the Department of Homeland Security issued an additional charge of inadmissibility because Mr. Cardona was convicted in 2012 of aggravated assault in New Jersey.

On September 21, 2016, Mr. Cardona was ordered removed by an Immigration Judge ("IJ"). It does not appear that Mr. Cardona filed an appeal of that removal order to the Board of Immigration Appeals ("BIA").[1]

---

[1] Mr. Cardona states in his habeas petition that there is an appeal pending before the BIA. The respondent represents to this Court that, according to the BIA Clerk's Office, there is no record

Mr. Cardona filed this habeas petition in October, 2016. He requests his immediate release from immigration detention or, alternatively, that this Court order a bond hearing before an IJ. The respondent filed a response in opposition to the habeas petition on December 5, 2016. Respondent states that Mr. Cardona is no longer in pre-removal immigration detention as the IJ ordered him removed in September, 2016, and Mr. Cardona did not file an appeal to the BIA. Furthermore, respondent argues that Mr. Cardona's detention is legal under the relevant post-removal immigration detention authority. Mr. Cardona did not file a reply in support of his habeas petition.

### III. DISCUSSION

#### A. Pre-removal Immigration Detention

Mr. Cardona seeks his release from immigration detention or that this Court order a bond hearing because of the length of time he has been in immigration detention. The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal. This period of detention is known as the "pre-removal" period. Detention of an alien in the pre-removal period is governed by Section 1226 of Title 8 of the United States Code. *See also Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011) (period of pre-removal detention must be reasonable); *Chavez–Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 474 (3d Cir. 2015) (under *Diop*, after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing).

This Court need not engage in a *Diop/Chavez–Alvarez* analysis at this time with respect to Mr. Cardona's immigration detention. As respondent notes, an IJ ordered Mr. Cardona

---

of a pending appeal. Mr. Cardona has not filed a reply or come forward with any documentary evidence to support his claim that he filed an appeal with the BIA. For purposes of this Opinion, then, I will presume that no BIA appeal is pending.

2

removed on September 21, 2016, and Mr. Cardona did not file an appeal to the BIA with the thirty day period allotted. *See* 8 C.F.R. § 1003.38(b) (deadline to appeal to the BIA is thirty days). Accordingly, Mr. Cardona is no longer in pre-order removal immigration detention, but is now in post-order removal immigration detention. *See* 8 C.F.R. § 1241.1(c) (a final order of removal becomes final when time to file appeal to the BIA expires and respondent has not filed an appeal within that time).

### B. Post-removal Immigration Detention

Post-removal immigration detention, like pre-removal immigration detention, can become excessive at some point. Title 8 of the United States Code Section 1231(a)(1)(A) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period")." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or

> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1. Section 1231(a)(2) requires that the alien be detained during the ninety day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief" *Alexander v. Attorney Gen. United States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (citing *Zadvydas*, 533 U.S. at 701). As a rule of thumb, the Supreme Court stated, six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas*, 533 U.S. at 701.

Mr. Cardona's post-removal immigration detention began on October 22, 2016. Thus, the ninety-day mandatory detention period set forth in Section 1231(a)(1)(A) has not yet expired. Furthermore, Mr. Cardona is still clearly within the within the presumptively reasonable six-month period of post-removal immigration detention set forth in *Zadvydas*. Therefore, to the extent that Mr. Cardona could challenge his post-removal-order immigration detention, such a challenge is premature and will be denied without prejudice. *Accord Grossett v. Muller*, No. 13–0364, 2013 WL 6582944, at *3 (D.N.J. Dec.13, 2013) (noting *Zadvydas* claim is premature if filed prior to expiration of six-month presumptively reasonable removal period); *Abdou v. Elwood*, No. 12–7720, 2013 WL 1405774, at *4 (D.N.J. Apr.4, 2013) (same). Should the United States fail to execute the order of removal within a reasonable time, a claim by Mr. Cardona challenging his post-removal immigration detention may be reasserted.

## IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed without prejudice. An appropriate order will be entered.

DATED: January 9, 2017

KEVIN MCNULTY
United States District Judge